IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TRENTON SANDERS,**

    **Plaintiff,**

v.                                      2:24-cv-02520-JPM-cgc

**DANDY SANDERS and**
**MARSHA SANDERS,**

    **Defendants.**

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

On July 22, 2024, Trenton Sanders filed his *pro se* Complaint. (Docket Entry ("D.E.") # 1). Pursuant to Administrative Order 2013-05, this case has been referred to the United States Magistrate Judge.[1] On May 15, 2025, this Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (D.E. # 6).

    **I.**     **Section 1915 Screening**

As Plaintiff is proceeding *in forma pauperis*, the Court must conduct the appropriate screening pursuant to 28 United States Code Section 1915. Pursuant to Section 1915, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

granted, or seeks monetary relief against a defendant who is immune from such relief 28 U.S.C. § 1915(e)(2). To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erikson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not required to create a *pro se* litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Upon review of Plaintiff's Complaint, he alleges that, in June 2022, Dandy and Marsha Sanders falsely reported to the police that he stole jewelry from them and that they "verbally assaulted" him and threatened him with weapons. (Compl. ¶ 6). Plaintiff alleges that, in August 2022, he was renting accommodations from Dandy Sanders in Memphis, Tennessee and was

2

wrongfully evicted.  (Compl. ¶¶ 3-5).  Plaintiff further asserts that, from 2018 to 2024, Defendants have breached various oral agreements to pay his rent and support him financially and that these broken promises have resulted in his difficulty finding a place to live and, at times, his homelessness.  (Compl. ¶¶ 9-12).

As to Plaintiff's allegations pertaining to jurisdiction, Plaintiff asserts that he is a resident of Sherman Oaks, California and that Defendant Dandy Sanders is a resident of Bartlett, Tennessee.  (Compl. ¶¶ 1-2, 9).  He does not allege where Marsha Sanders resides.  Plaintiff alleges that he initially resided at a rental property in Sherman Oaks, California in June 2020, but he further states that he was unable to continue paying rent there and had to return to Memphis. (Compl. ¶ 11).  He alleges that, in July 2024, he returned to California "with hopes of staying there" at the same property, but that he again was unable to afford rent, was banned from the housing facility, and could "no longer continue the life [he] built in California."  (Compl. ¶ 12). In his prayer for relief, he requests monetary damages, stating that they would "provide the compensation needed to comfortably move back to California."  (Compl. at PageID 5).

This Court may exercise subject-matter jurisdiction if one of two types of jurisdiction exist—diversity jurisdiction or federal question jurisdiction.  A case arises under federal law when federal law creates the cause of action asserted.  *Gunn v. Minton*, 568 U.S. 251, 251, (2013). Because the Complaint does not assert that any claims arise under federal law, diversity jurisdiction must exist or the case to be heard in this Court.

There is diversity jurisdiction when (1) complete diversity of citizenship exists and (2) the amount of controversy exceeds $75,000.  28 U.S.C § 1332 (a).  Complete diversity exists only when all parties on one side of the case are citizens of different states from all parties on the

3

opposing side.  *Id.* at § 1332(a)(1).   The Court determines citizenship by analyzing the domicile of each party.  Domicile consists of (1) residence and (2) an intent to remain there.  *Mason v. Lockwood, Andrews & Newnam, P.C.,* 842 F.3d 383, 390 (6th Cir. 2016).   A person can only have one domicile, even if they have multiple residences. *Id.*

Here, Plaintiff's Complaint lacks sufficient allegations to establish both his domicile and Marsha Sanders' domicile such that the Court may exercise jurisdiction here.   Absent such allegations, this Court may not exercise subject-matter jurisdiction over Plaintiff's claims. Accordingly, it is RECOMMENDED that Plaintiff's claim be dismissed for lack of jurisdiction.

## II.     Certificate of Appealability

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.   The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous.   28 U.S.C. Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one.  *Coppedge v. United States,* 369 U.S. 438, 445 (1962).  The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*.   *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court

to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **RECOMMENDED** that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 26th day of June, 2025.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**